# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| TREMAYNE L. GUINN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 05-0632-CV-W-GAF-P |
| MICHAEL KEMNA, | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Petitioner filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his convictions and sentences for first degree robbery, first degree assault, and armed criminal action, which were entered in the Circuit Court of Jackson County, Missouri. Petitioner raises the following four (4) grounds for relief: (1) the trial court erred in excluding testimony from Charleen Robinson, Laguisha Robinson, Marvance Robinson, and Tosheda Myrick that Cornelius Johnson admitted to committing the crimes for which petitioner was convicted; (2) the trial court erred in excluding cross-examination testimony from Detective James Harrington that the police did not investigate Cornelius Johnson as a suspect; (3) the trial court erred in failing to re-instruct the jury about their burden of proof when the jury asked the judge to "provide the jury with the defendant's alibi as to his whereabouts at the time of the crime"; and (4) trial counsel was ineffective for failing to allow petitioner to testify at trial.

### Ground 1

In Ground 1, petitioner asserts that the testimony of Charleen Robinson, Laguisha Robinson, Marvance Robinson, and Tosheda Myrick should have been admitted into evidence as admissions against

interest and were sufficiently reliable to be admissible hearsay because: (1) the victim's purse was found in an apartment across the hall from the apartment shared by petitioner and Cornelius Johnson; (2) the statements were made repeatedly and spontaneously to close friends soon after the events; and (3) evidence was presented that the robber acted alone. The Missouri Court of Appeals denied this claim as follows:

> Our Supreme court has approvingly noted that under the *Chambers* ruling the out-of-court statements had to be made under circumstances demonstrating "considerable assurance of their reliability." *State v. Skillicorn*, 944 S.W.2d 877, 885 (Mo. banc 1997) (quoting *Chambers*, 410 U.S. at 300). The trial court correctly ruled that such assurances were not present in this case. The tests for reliability under *Chambers* are: "(1) each confession was 'in a very real sense self-incriminatory and unquestionably against interest;' (2) each statement was spontaneously made to a close acquaintance shortly after the murder occurred; and (3) the statements were corroborated by other evidence." *State v. Smulls*, 935 S.W.2d 9, 21 (Mo. banc 1996) (citations omitted). Neither the second nor third elements are satisfied here.
>
> The relationship between the out-of-court declarant (Johnson) and each proposed witness is an important factor. A statement, particularly an admission to a crime, made to someone of long-standing and confidential relationship is more likely to be trustworthy. Here, the only evidence as to Guinn's mother's relationship with Johnson was that he was her son's best friend and she had known him since he was nine years old (there was no specific evidence how old Johnson was but some indication in the record that he was about 14 years old). There was no evidence how well she knew him, how often she saw him, or anything else that might indicate that she might be his confidante in any manner. The only evidence regarding the nature of the cousin's relationship was that she lived with Johnson's brother in the same apartment as Guinn and Johnson. There was no evidence of how long she had known him or otherwise what their relationship might be. Regarding Guinn's brother and sister there was even less evidence of their relationship with Johnson.
>
> Nor was there substantial evidence of spontaneity. Neither the mother nor the cousin, who did not know the date when the confession was allegedly made, gave any indication as to how the conversation came up. The alleged statements made to appellant's eleven- and nine- year-old siblings were hardly spontaneous; they were in response to a question, "Who shot that lady?" and occurred over three months after the crime. The only fact that even arguably would satisfy the second part of the *Chambers* test was that the statement to the mother allegedly occurred about three weeks after the

2

> crime.
>
> Nor was there corroboration by other evidence. The victim's purse was found (in a vacant apartment) across the hall from an apartment in which both Guinn and Johnson lived. It is as equally corroborative of Guinn's guilt as of Johnson's. Although the mother did testify that Johnson, not Guinn, wore braids at the time of the crime, that alone is not substantial indicia of the reliability of the alleged confession. Nor does the fact that the victim saw two men before the crime and saw two men run from the scene point in any special way to Johnson as opposed to any other man.
>
> Nor is this case like *Chambers* where "the sheer number of independent confessions provided additional corroboration for each." 410 U.S. at 300. Here the alleged confessions to the mother and cousin were apparently made at the same time without evidence of spontaneity or close acquaintanceship as discussed above. The only "independent" confession was the one made to the eleven-and nine-year-old siblings of appellant three months after the crime. The final factor argued by Guinn, as providing corroboration, is that the jury requested exhibits and asked the court for guidance on several occasions. Asking the court for exhibits can hardly serve as corroboration of Johnson's alleged confession. Nor does such a request indicate that this was a close case. Even if it were close, and such a request was a proper factor in determining whether an abuse of discretion occurred, the closeness of the case is again not corroborating evidence of Johnson's alleged confession. We believe that the proffered out-of-court confessions lacked any real and substantial indicia of reliability and trustworthiness. Their admission was not constitutionally required under *Chambers*. The trial court did not abuse its discretion in excluding them as hearsay.

State v. Guinn, 58 S.W.3d 538, 545-46 (Mo. Ct. App. 2001); Respondent's Exhibit E, pp. 11-13.

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc 1984), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court's findings are erroneous. 28 U.S.C. § 2254 (e)(1). Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts

3

these factual conclusions.

A state court evidentiary ruling will be reversed "only if the petitioner . . . show[s] that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair." Anderson v. Goeke, 44 F.3d 675, 679 (8th Cir. 1995) (internal quotations omitted). It must be shown that a "reasonable probability" exists that the alleged error had an effect on the trial outcome. Id. Although an exception to the hearsay rule does allow admission of declarations against interest,[1] the testimony desired by petitioner does not meet the reliability standard set forth in Chambers v. Mississippi, 410 U.S. 284, 299 (1973) (tests of reliability: (1) each confession was in a very real sense self-incriminatory and unquestionably against interest; (2) each statement was spontaneously made to a close acquaintance shortly after the crime occurred; and (3) the statements were corroborated by other evidence). Because the testimony was inadmissable, petitioner's case was not prejudiced by the actions of the trial court. See also Montana v. Egelhoff, 518 U.S. 37, 42 (1996) (the accused does not have an unfettered right to offer evidence that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence). The Missouri Court of Appeals' resolution of this claim was not based on an unreasonable determination of the facts or on a misapplication of federal constitutional law. See 28 U.S.C. 2254(d)(1).

## Ground 2

Petitioner alleges that, because the trial court erred in limiting his right to cross-examine a detective about the detective's failure to investigate Cornelius Johnson, the jury was denied information concerning

---

[1] The exception is founded on the assumption that a person is unlikely to fabricate a statement against his own interest at the time it is made. Chambers, 410 U.S. at 299.

4

Mr. Johnson to which it was entitled. The Missouri Court of Appeals denied this claim as follows:

> Guinn next argues that the trial court erred in excluding evidence that the police failed to investigate Johnson, including that the police failed to show Clanin and the apartment manager photos of Johnson, who lived with Guinn and who had a criminal history that included robbery. Specifically, the defense argued that it should have been able to cross-examine Detective James Herrington on his failure to investigate Johnson's potential involvement in the case.
>
> In so arguing, Guinn cites no persuasive authority. Appellant argues first that the excluded testimony is relevant. However, relevancy alone is insufficient. In *State v. Schneider*, the Supreme Court of Missouri confronted a similar situation. 736 S.W.2d 392 (Mo. banc 1987). *Schneider* involved the state's failure to gather evidence at the crime scene including dog hair, human hair, fiber or soil samples, and to administer atomic absorption tests to see whether the defendant had recently fired a handgun. *Id*. at 401. The *Schneider* court relied on *State v. Simpson* and noted that, although the state bears the burden of presenting sufficient evidence for a submissible case, the state "is not bound to gather and present all physical evidence conceivably germane to its case in chief. More precisely . . . the state is not required to account for its failure to gather or present such evidence." *Schneider*, 736 S.W.2d at 402 (citing *Simpson*, 611 S.W.2d 556, 560 (Mo. [Ct.] App. 1981)). Thus, the fact that the detective's excluded testimony is relevant or germane is not alone a sufficient factor to warrant admission.
>
> Appellant's second argument is he was denied the right to present a defense because the trial court prevented him from cross-examining the detective about his investigation. However, although a defendant has the right to cross-examine his accusers, that right is not without limitation. *State v. Dunn*, 817 S.W.2d 241, 244 (Mo. banc 1991). "The defendant must be given 'an opportunity for effective cross-examination, but not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" *Id*. (quoting *Kentucky v. Stincer*, 482 U.S. 730, 739 (1987)). Moreover, the *Dunn* court held that "[e]ven where questions regarding other persons are relevant to establishing some element of the defense, it is within the trial court's discretion to restrict cross-examination." *Id*. at 245.
>
> Because of the principle in *Schneider* and because of the trial court's discretion regarding the extent of cross-examination, this point is denied.

Guinn, 58 S.W.3d at 546-47; Respondent's Exhibit E, pp. 13-14.

The state appellate court's rejection of petitioner's claim was not unreasonable in light of the facts

in this case or in light of clearly established federal law. See 28 U.S.C. § 2254(d)(1) & (2); U.S. v. Turner, 189 F.3d 712, 717 (8th Cir. 1999) (defendant's right to confront witnesses does not prevent a trial judge from placing reasonable limits on defense counsel's cross-examination of government witnesses), cert. denied, 524 U.S. 909 (1998). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." U.S. v. Wipf, 397 F.3d 677, 682-83 (8th Cir. 2005)( quoting Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986)). Especially, where, as here, petitioner had no evidence that the prosecution and the witness had struck some kind of deal, petitioner failed to show the relevance of the proposed cross-examination. Because the testimony sought by petitioner was not relevant or material to the facts in the case against petitioner and because the omission of such testimony did not amount to a denial of due process, Ground 2 will be denied.

## Ground 3

Petitioner alleges that, when the jury requested petitioner's alibi, the trial court erred when it failed to correct the jury's obvious lack of understanding that the State had the burden of proof. Petitioner contends that the court's response misled the jurors, causing them to believe that petitioner had to prove his innocence by presenting evidence at trial. The Missouri Court of Appeals denied this claim:

> In his third point, Guinn argues that the trial court erred in its response to a jury question. Within an hour after beginning its deliberations the jury submitted three requests for exhibits and the following question: "Will the court provide the jury with the defendant's alibi as to his whereabouts at the time of the crime?" After discussion the court gave this written response: "I cannot provide additional evidence. The case must be decided on the evidence presented and the instructions given to you." Guinn's counsel first suggested that the jury be reminded that the State bears the burden of proof. After further discussion

6

Guinn's counsel indicated that if the court was not inclined to follow her first suggestion that it should give the "generic" response that the jury be guided by the instructions already given. Defense counsel agreed with the eventual answer provided except for the first sentence, "[I] cannot provide additional evidence." Counsel said: "Without the first part I think its okay . . . Just so my objection is noted and my two suggestions are in the record." Counsel did not amplify the basis for her objections to the first part of the court's response. Certainly the response was factually and legally correct.

On appeal, Guinn now contends that the jury's question demonstrates that it did not understand that the State bore the burden of proof and that Guinn had no obligation to provide an alibi. He now contends that the trial court erred by not specifically referring the jury back to Instruction No. 4, the burden of proof instruction. He asserts that the court's response not only failed to correct the jury's misconception about the burden of proof but made it worse by inferring to the jury that since there was no evidence of alibi at the trial the defendant had failed to establish his innocence.

The response to a jury question is within the sound discretion of the trial court and the practice of exchanging communications between the judge and jury is not commended. *State v. Taylor,* 408 S.W.2d 8, 10 (Mo. 1966). The court must be cognizant of the need to discourage communications that cannot really be answered (*e.g.*, requests for more evidence, argument, etc.) and at the same time not discourage legitimate inquiry. Neutral and generic responses about being guided by the evidence presented and to follow the instructions previously given are therefore not only the safest but the most favored. "Responses that simply refer the jury to the proper instructions already given are not improper." *State v. Johnston*, 957 S.W.2d 734, 752 (Mo. banc 1997). When previous instructions are correct, clear and unambiguous, then a trial court acts appropriately by instructing the jury to be guided by those instructions. *State v. Clay*, 975 S.W.2d 121, 134 (Mo. banc 1998). Conversely when a jury's question indicates confusion about the instructions the court should respond with "concrete accuracy." *Id.* The weakness of Guinn's argument is that it requires a presumption not warranted by the inquiry: that the jury was confused about the burden of proof. Juries frequently in both civil and criminal cases ask if there is additional evidence that can be given them. Such a question alone cannot reasonably be interpreted to cast doubt on the jury's understanding of instructions upon the law. More reasonable is the interpretation argued by the State: Can the court give us any more information about the defendant's whereabouts, other than the evidence already presented by the State, that he was at the scene and committed the crimes in question?

Even where the State overtly directs the jury to consider a lack of evidence to support a defense theory of the case in a closing argument, the burden of proof has not been improperly shifted. *State v. Brown*, 998 S.W.2d 531, 548 (Mo. banc 1999). That a jury has noticed the lack of any evidence to refute the state's case that the defendant was

7

there and did the charged deed (and inquires about it by question) likewise does not indicate any confusion about the court's burden of proof instruction.

Guinn, 58 S.W.3d at 546-47; Respondent's Exhibit E, pp. 14-16.

Jury instructions involve questions of state law, and a federal habeas court is not to "reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). To warrant federal habeas corpus relief for a state prisoner, instructional error must constitute a fundamental defect that results in a complete miscarriage of justice or that renders the entire trial unfair. See, e.g., Robinson v. LaFleur, 225 F.3d 950, 954 (8th Cir. 2000).

A review of the file and records demonstrates that no constitutional violation occurred in this case. In response to the jury request for defendant's alibi the trial court responded, "I cannot provide additional evidence. The case must be decided on the evidence presented and the instructions given to you." Respondent's Exhibit E, p. 14. Petitioner contends that the trial court should have referred the jury back to Instruction No. 4, the burden of proof instruction. Petitioner's proposal would have been duplicative and was unnecessary where there is nothing to indicate that the jury was confused about the burden of proof. The Missouri Court of Appeals' resolution of petitioner's claim does not constitute "an unreasonable determination of the facts in light of the evidence" or a "misapplication of clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). See Weeks v. Angelone, 528 U.S. 225, 234 (2000)(where the jury was adequately instructed, a trial judge acts properly in response to a jury question by referring the jury to the instructions). Ground 3 will be denied.

## Ground 4

Petitioner alleges that he told his trial counsel he wanted to testify on his own behalf; however, trial

counsel failed to act as a reasonably competent attorney by not allowing him to testify at trial. The Missouri Court of Appeals initially set forth the correct standard under which to review petitioner's claim:

> In order to prevail on an ineffective assistance of counsel claim, a movant must also show by a preponderance of the evidence: (1) that his or her counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise in similar circumstances; and (2) he or she was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). The movant bears a heavy burden in establishing the first prong of the standard because there is a strong presumption that counsel provided competent assistance. Rule 29.15(i)*; Leisure v. State*, 828 S.W.2d 872, 874 (Mo. banc 1992). Regarding the second prong, under the *Strickland* analysis, prejudice is shown where "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Deck v. State*, 68 S.W.3d 418, 426 (Mo. banc 2002) (*quoting Strickland*, 466, U.S. at 694).

Respondent's Exhibit J, p. 3.

As to petitioner's claim, the state appellate court concluded that it was without merit:

> Appellant has not established that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised in similar circumstances. Guinn's lone point rests on the claim that his trial counsel was ineffective because she prevented him from testifying at trial. The motion court correctly found that Guinn's rights regarding his testimony were explained to him at trial and that he understood them. Appellant's trial counsel did not preclude the defendant from testifying, and the record is clear that he made a knowing and voluntary waiver of his right to testify. Trial counsel gave him advice that he chose to follow. Without more, advice from counsel not to testify is not deemed ineffective if it might be considered sound. *State v. Powell,* 798 S.W.2d 709, 718 (Mo. banc 1990).
>
> At trial, appellant's counsel told the court that she had conferred with Guinn and that he had decided not to testify. The court proceeded to explain to the defendant that it was "solely his choice" regarding whether he wanted to testify. The defendant admitted in his postconviction hearing that he understood everything the judge said. Guinn did not testify at trial.
>
> At his evidentiary hearing, Appellant claimed that his trial counsel had "muzzled him" when she kept him from responding to the court's questions and when she kept him

9

from testifying at trial. However, "[t]he motion court is not required to believe the testimony of the movant or any other witness at an evidentiary hearing, even if uncontradicted." *Colbert v. State,* 7 S.W.3d 471, 474 (Mo. [Ct.] App. 1999). The motion court did not believe the appellant's claims and found that his rights regarding testifying were explained to him at trial and that he understood them. This court must defer to the motion court's determination of credibility. *Id*.

Thus, because there is evidence that Guinn did confer with his trial counsel and that he understood that, regardless of her advice, he had the right to testify, and still chose not to, the motion court was correct in denying his Rule 29.15 motion.

Although the appellant has not addressed exactly how he was prejudiced by not testifying on his own behalf, this court finds no merit in this prong. Thus, even assuming, *arguendo*, that the challenged conduct was unreasonable, Guinn cannot prove that he suffered sufficient prejudice to warrant relief.

Guinn's ineffective assistance of counsel motion rests on the contention that his attorney, Ms. Iverson, did not allow him to testify at trial even thought [sic] he wanted to testify on his own behalf. Regardless, he has not shown that his testimony would have caused the proceedings to be different. There is no "reasonable probability," as required by *Strickland*, that the jury's verdict would have been different if they had heard his testimony. In fact, this court finds just the opposite. Even if Guinn did testify, his defense would have been weakened by his testimony.

Had Guinn testified, he would have told the jury he was present at the crime scene and that he walked up to the victim with Mr. Johnson, knowing that Mr. Johnson had just told him he was going to harm her. He also would have testified that he saw the gun pointed at Ms. Clanin, but that he did nothing to prevent the assault and later fled the scene after the shots had been fired. Although flight is insufficient to support a conviction, it can be considered in connection with other evidence of the commission of a crime, and shows a consciousness of guilt contrary to a theory of innocence. *State v. Schwartz*, 899 S.W.2d 140, 145 (Mo. [Ct.] App. 1995).

Additionally, the jury also would have learned about Guinn's prior convictions for perjury, which would likely undermine his credibility. Thus, the jury would be more apt to convict the appellant, and no reasonable probability exists that, had the jury heard the appellant's proposed testimony, they would have reached a different result.

Respondent's Exhibit J, pp. 3-5.

Thus, the Missouri Court of Appeals concluded:

10

> Having failed to satisfy either component under the *Strickland* standard, Guinn has failed to establish that he received ineffective assistance of counsel. This court is not left with the definite and firm impression that a mistake was made and does not find the motion court's findings and conclusions to be clearly erroneous as required for reversal.

Guinn v. Missouri, 141 S.W.3d 94 (Mo. Ct. App. 2004); Respondent's Exhibit J, pp. 3-6.

The Missouri Court of Appeals properly applied the United States Supreme Court's holding in Strickland in concluding that petitioner's ineffectiveness of counsel claim was without merit. See Whitfield v. Bowersox, 324 F.3d 1009, 1013-14 (8th Cir. 2003) (the defendant may not indicate at trial his apparent acquiescence in his counsel's advice that he not testify, and then later claim that his will to testify was overcome); cert. denied 522 U.S. 831 (1997). Petitioner has not demonstrated that the Missouri Court of Appeals' decision as to Ground 4 "was contrary to, or involved an unreasonable application of, clearly established Federal law . . . or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). Ground 4 will be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed with prejudice.

    /s/ Gary A. Fenner
GARY A. FENNER
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri
Dated: 11/16/05

11

Case 4:05-cv-00632-GAF   Document 10   Filed 11/16/05   Page 11 of 12

12